IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 1:17-cv-00401-TSE-MSN |
| | ) |
| MARYMOUNT UNIVERSITY, | ) |
| LINDA McMURDOCK, | ) |
| and JANE ROE, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR A PROTECTIVE ORDER**

Marymount University ("Marymount" or the "University") suspended John Doe for sexual assault following a biased and unfair investigation and adjudication. In the present lawsuit, Mr. Doe challenges this flawed process as violating his rights under Title IX and Virginia state law. He seeks to have the erroneous finding—and the suspension that resulted from it—reversed and erased from his educational records. And he seeks to hold the student who falsely accused him of sexual assault, Jane Roe, responsible for defaming him. In short, he seeks to clear his name of a false and highly stigmatizing charge of sexual assault.

To clear his own name, John Doe should not have to first participate in further sullying it. To clear his own name, he should not have to broadcast in public court filings that he was expelled for committing an act that is—stripped of all euphemism—rape. To clear his own name, he should not have to make his name Google-able as someone who has been accused of, and found responsible for, sexual assault.

1

Accordingly, Plaintiff, by and through undersigned counsel, respectfully moves for leave to proceed under the pseudonym "John Doe" and to identify as "Jane Roe" the defendant in this action who defamed him by making the false allegation of sexual assault that was the subject of the student disciplinary proceeding at issue in this suit.

**ARGUMENT**

Though there is a presumption of openness for judicial proceedings, the Fourth Circuit has held that, under appropriate circumstances, a party may be allowed to proceed anonymously. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993) (explaining that "privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed" to proceed anonymously). In James, the Fourth Circuit provided district courts with five non-exhaustive factors to consider when a party requests to anonymity. Those factors are:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. (citations omitted).

In cases involving allegations of sexual misconduct, this and other courts in the Fourth Circuit have applied those five factors and granted the use of pseudonyms as necessary to protect the plaintiff. See, e.g., Doe v. Rector & Visitors of George Mason Univ. ("George Mason Univ."), 179 F. Supp. 3d 583, 592-594 (E.D. Va. 2016) (allowing plaintiff, a student expelled from his university for sexual assault, to proceed under pseudonym in action challenging expulsion, and noting that the five James factors "point persuasively to the conclusion that plaintiff's request to proceed under a pseudonym is appropriate"); Nelson v. Green, No. 3:06-cv-

00070, 2007 WL984127 (W.D. Va. Mar. 28, 2007) (allowing plaintiff to litigate under a pseudonym where the case arose from allegations of sexual abuse of a child). And other federal courts across the country have reached the same conclusion as this Court in <u>George Mason University</u>, allowing plaintiffs to proceed anonymously in cases that, like this one, involve accusations of sexual misconduct on campus. See, e.g., <u>Doe v. University of the South</u>, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding a magistrate's order granting a motion to proceed under pseudonym in a case where the plaintiff, a college male accused of sexually assaulting a female classmate, claimed violations of Title IX, as well as contractual and tort violations).[1]

---

[1] See also <u>Doe v. Williams Coll.</u>, No. 1:2013-cv-11740 (D. Mass. filed July 19, 2013) (allowing the plaintiff to proceed pseudonymously and granting the motion for protective order); <u>Doe v. Alger</u>, 317 F.R.D. 37 (W.D. Va. 2016) (same); <u>Doe v. Pa. State Univ.</u>, 4:15-cv-02072-MWB (M.D. Pa. filed Oct. 26, 2015) (granting motion to proceed anonymously); <u>Doe v. Ohio State Univ.</u>, No. 2:15-cv-02830-GLF-TPK (S.D. Ohio filed Sept. 15, 2015) (same); <u>Doe v. Brown Univ.</u>, 1:15-cv-144-S-LDA (D.R.I. filed Apr. 13, 2015) (same); <u>Doe v. Brandeis Univ.</u>, No. 1:15-cv-11557-FDS (D. Mass filed Apr. 9, 2015) (same); <u>Doe v. Columbia Univ.</u>, No. 14-cv-3573 (S.D.N.Y. filed May 19, 2014) (same); <u>Doe v. Washington & Lee Univ.</u>, No. 6:14-cv-00052-NKM-RSB (W.D. Va. filed Dec. 12, 2014) (same); <u>Doe v. George Washington Univ.</u>, No. 1:11-cv-00696-RLW (D.D.C. filed Apr. 8, 2011) (same); <u>Doe v. Reed Inst.</u>, No. 3:15-cv-617-MO (D. Or. filed Apr. 14, 2015) (granting unopposed motion to proceed pseudonymously); <u>Doe v. Trs. of Boston Coll.</u>, 1:15-cv-10790-DJC (D. Mass. filed Mar. 11, 2015) (same); <u>Doe v. Amherst Coll.</u>, No. 3:15-cv-30097-MGM (D. Mass. filed May 29, 2015) (same); <u>Doe v. Univ. of Colo., Boulder</u>, No. 14-3027 (D. Colo. filed Nov. 7, 2014) (proceeding pseudonymously throughout the case); <u>Doe v. Swarthmore Coll.</u>, No. 2:14-cv-00532-SD (E.D. Pa. filed Jan. 23, 2014) (same); <u>Doe v. Univ. of S. Fla. Bd. of Trs.</u>, No. 8:15-cv-682-JSM-EAJ (M.D. Fla. filed Mar. 25, 2015) (same); <u>Doe v. Univ. of Cincinnati</u>, No. 1:15-cv-600-TSB (S.D. Ohio filed Sept. 16, 2015) (same); <u>Doe v. Marietta Coll.</u>, 2:15-cv-02816-EAS-TPK (S.D. Ohio filed Sept. 10, 2015) (same); <u>Doe v. Alger</u>, 5:15-cv-35-EKD-JCH (W.D. Va. filed May 5, 2015) (currently proceeding pseudonymously); <u>Doe v. Middlebury Coll.</u>, 1:15-cv-192-JGM (D. Vt. filed Aug. 28, 2015) (same); <u>Doe v. Miami Univ.</u>, 1:15-cv-605-MRB (S.D. Ohio filed Sept. 17, 2015) (same); <u>Doe v. Clark Univ.</u>, No. 4:15-cv-40113-TSH (D. Mass. filed Aug. 4, 2015) (same).

Here, as in George Mason University and other cases involving allegations of sexual assault on college campuses, the factors point persuasively to the conclusion that plaintiff should be permitted to proceed under a pseudonym.

**I.       An Allegation of Sexual Assault Is a Highly Personal and Sensitive Matter.**

This case involves Ms. Roe's false allegations of sexual assault against Mr. Doe. Accordingly, the pleadings necessarily reveal the details of alleged private sexual conduct between John Doe and Jane Roe. In light of the nature of this case, private, intimate details regarding the lives of both John Doe and Jane Roe are likely to be at issue.

Moreover, the entire purpose of bringing this lawsuit is to erase that scarlet letter from Mr. Doe's education records and reputation. But forcing him to proceed under his real name will cause that same harm, even if the result of his lawsuit is a reversal of the University's actions. The harm cannot be undone. Mr. Doe's name will be publicly associated with an accusation of rape. Not only will other undergraduate institutions, graduate schools, and potential employers be able to learn of the allegations, everyone will be able to do so simply by Googling his name and viewing the court documents in this case.

Accordingly, this factor weighs heavily in favor of granting John Doe's motion to proceed under pseudonym. See George Mason Univ., 179 F. Supp. 3d at 593 (noting that "[t]here can be no doubt that the litigation . . . focuses on 'a matter of sensitive and highly personal nature,'" because "Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule.").

**II.      Identification Could Pose Both Retaliatory Physical and Mental Harm to John Doe and Jane Roe.**

Both John Doe and Jane Roe will face harm if John Doe is identified, including, but not limited to, physical retaliation and mental anguish. See George Mason Univ., 179 F. Supp. 3d at

4

593 ("[I]t is possible that plaintiff could be targeted for 'retaliatory physical or mental harm' based on the accusations [of sexual assault] alone.").

Moreover, as this Court explained in George Mason University, the potential for such harm is the very reason that "anonymity [is] afforded to the accusers and the accused when participating in [the University's] disciplinary proceedings." 179 F. Supp. 3d at 593. Like George Mason University, Marymount University guarantees its students that its sexual misconduct investigations and adjudications will be conducted privately. Therefore, "[i]t makes little sense to lift the veil of pseudonymity that—for good reason—would otherwise cover these proceedings simply because the university erred and left the accused with no redress other than a resort to federal litigation." Id.

This potential for harm to both John Doe and Jane Roe thus weighs in favor of allowing John Doe to proceed anonymously.

**III.   Mr. Doe and Ms. Roe Were Barely Adults at the Time of the Underlying Events.**

Although both Mr. Doe and Ms. Roe were over 18 years old at the time of the underlying events, other age-related factors indicate that proceeding under a pseudonym would be appropriate. Both are college students on the brink of beginning their careers. Some courts have held that, despite reaching the age of majority, "college students may still possess the immaturity of adolescence," and being over 18 should not be held against the persons seeking anonymity. Yacovelli v. Moeser, No. 1:02CV596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004) (holding that plaintiffs' being over 18 "does not strongly favor either party"); but see Doe v. Merten, 219 F.R.D. 387, 393-94 (E.D. Va. 2004) (this factor weighed against anonymity where three of five plaintiffs were adults and the two minors were "on the verge of adulthood"). Thus even if this factor does not weigh heavily in favor of anonymity, it does not weigh heavily

*against* anonymity either. See George Mason Univ., 179 F. Supp. 3d at 594 (noting that though "plaintiff and Roe [were] legally adults, . . . the events in issue occurred when they were just barely so," and that, accordingly, "the ages of Plaintiff and Roe d[id] not point persuasively in favor of or against allowing a pseudonym").

Thus, the ages of John Doe and Jane Roe, if anything, weigh in favor of allowing Mr. Doe to proceed anonymously, and in no event weigh against it.

### IV.     The Action Involves Only Private Parties.

Any public interest weighing against anonymity in this case is minimal in light of the fact that no parties to this action are government agencies or employees. Plaintiff is a student at a private university. Defendants are that private university, an employee of that private university, and another student at that private university. This factor, therefore, also favors anonymity.

### V.     There is Little Risk of Unfairness to the Defendants.

Allowing Mr. Doe to proceed under a pseudonym will not inhibit Defendants from defending the claims against them or present any other potential for unfairness. Each Defendant is well aware of John Doe's and Jane Roe's identities, and, even if they were not, the facts in the complaint are enough to make each Defendant aware of their true identities. In addition, undersigned counsel has spoken with counsel for Marymount University about this case using John Doe's true identity. Thus, there is exactly no difference in the Defendants' ability to defend themselves if John Doe proceeds under a pseudonym.

Indeed, the resolution of the legal issues in this case does not depend on the identification of John Doe. The question is whether John Doe's rights were violated by Marymount's failure to fairly and impartially investigate and adjudicate Ms. Roe's false allegation of sexual assault, and whether Mr. Doe's was defamed by Ms. Roe's allegation. Whether Defendants

discriminated against John Doe in violation of Title IX, violated a contractual or other duty under state law, or defamed Mr. Doe can be determined without naming him in court documents. The Defendants will not be inhibited from obtaining discovery or pressing their defenses at trial by John Doe's use of a pseudonym.

This factor, therefore, weighs in favor of granting John Doe's motion.

## **CONCLUSION**

Use of a pseudonym is necessary here to protect both Plaintiff and his accuser, to preserve their privacy in a sensitive and highly personal matter. Affording Plaintiff that protection does not create any risk of unfairness to Defendants. John Doe respectfully requests the ability to proceed under a pseudonym throughout this lawsuit.

Dated: April 3, 2017　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　Justin Dillon (Va. Bar No. 48233)
　　　　　　　　　　　　　　　　　　　　　　Adam R. Zurbriggen (Va. Bar No. 88666)
　　　　　　　　　　　　　　　　　　　　　　KaiserDillon PLLC
　　　　　　　　　　　　　　　　　　　　　　1401 K Street NW, Suite 600
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　　　(202) 640-2850
　　　　　　　　　　　　　　　　　　　　　　(202) 280-1034 (facsimile)
　　　　　　　　　　　　　　　　　　　　　　jdillon@kaiserdillon.com
　　　　　　　　　　　　　　　　　　　　　　azurbriggen@kaiserdillon.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff John Doe*