UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> vs. <br><br> JANE ROE, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-00401-TSE/MSN |

## STIPULATED PROTECTIVE ORDER

Upon the joint request of the parties in the accompanying Joint Motion for Entry of Protective Order, and it appearing to the Court that the parties agree that it is necessary to maintain the confidential and/or legally protected nature of certain information likely to be exchanged in discovery in the above-captioned matter (the "Action"), it is hereby **ORDERED** as follows:

1. **Designation of Confidential Information.** Any documents or things containing, in whole or in part, personally identifiable information pertaining to any current or former student of Marymount University shall be considered "Confidential Information." A party producing documents containing Confidential Information shall mark each page of the document with a clear header or footer reading "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Tangible objects or recordings may be designated as Confidential Information by affixing to the thing or its container a label or tag reading "CONFIDIENTIAL – SUBJECT TO PROTECTIVE ORDER." However, nothing in this Order shall prevent the parties from

identifying additional materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in response to discovery requests served after the date of this Order.

In the case of responses to interrogatories, or any other discovery requests or responses, information contained therein may be designated as Confidential Information by prominently marking the requests or responses as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. **Qualified Recipients.** Except with the prior written consent of the party asserting confidentiality or prior order the Court, Confidential Information may not be disclosed to anyone other than a Qualified Recipient under this Order. For purposes of this Order, "Qualified Recipient" shall mean:

   a. A party in the Action;

   b. Counsel of Record for a party in the Action and their legal, paralegal, secretarial, clerical and investigative staff, as well as outside vendors and court reporters, videographers, or translators and others performing professional services in connection with the Action and whose responsibilities in the Action require access to such Confidential Information;

   c. Independent experts or consultants retained solely to assist in the prosecution or defense of the Action, and their secretarial, clerical or professional staff who meet the requirements of this subparagraph;

   d. Persons indicated on the face of the document containing Confidential Information as an author or recipient of that

      document. For the avoidance of doubt, such persons are *not* Qualified Recipients for any Confidential Information other than that which they have previously authored or received;

e. Persons identified through discovery (including document production, written discovery, or deposition testimony) as having authored or received the document, even if the individual is not identified as an actual author or recipient on the face of that document. For the avoidance of doubt, such persons are *not* Qualified Recipients for any Confidential Information other than that which they have previously authored or received;

f. Witnesses at depositions or trial;

g. The Court, its staff, court reporters and the jury; and

h. Any other person agreed to by the parties in writing or allowed by the Court.

3. **Informing Qualified Recipients of Confidentiality Requirements.** It is the responsibility of counsel for each party to ensure that Qualified Recipients receiving Confidential Information pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Prior to any disclosure to any Qualified Recipient identified in Paragraphs 2(c) and (h), such persons must: acknowledge receipt and understanding of this Order; agree to be bound thereby; agree to use the Confidential Information solely for this Action and not to disclose Confidential Information to any other person, firm, or entity in violation of this Order; and execute a declaration acknowledging these terms in the form annexed to this Order. Counsel for the party seeking to disclose Confidential Information to Qualified Recipients identified in

Paragraphs 2(c) or (h) shall provide a copy of the executed declaration to all other parties in the Action by email prior to disclosure of any Confidential Information to such Qualified Recipients.

4. **No Waiver.** The designation of information as Confidential Information by the producing party pursuant to his Order shall not waive or affect in any way the right of the receiving party to contest the designation at a later time. Further, the designation of information as Confidential does not waive the right of any party to challenge the admissibility or relevance of such Confidential Information. Each party also reserves the right to seek the designation of additional individuals as Qualified Recipients for good cause shown.

5. **Filing With the Court.** In the event that counsel for any party determines to file or submit to the Court any material designated as Confidential Information, or any papers containing, reflecting or disclosing such information, such documents shall be electronically filed under seal pursuant to Local Civil Rules of the Eastern District of Virginia and this Court's Order (Dkt. 32) on May 19, 2017.

6. **Inadvertent Failure to Designate.** The inadvertent failure to designate any material as Confidential Information will not be deemed to waive a later claim as to its confidential nature, or to preclude the producing party from designating such information as Confidential Information at a later date and with particularity. Recipients of information that inadvertently was not designated as Confidential Information will cooperate with the producing party in making reasonable efforts to treat such information as Confidential Information.

7. **Production By Nonparties.** The terms of this Order shall be applicable to any nonparty who produces information in connection with this Action that is designated by such nonparty or a party hereto as Confidential Information. Any party seeking discovery of a nonparty shall provide to the nonparty a copy of this Order along with its discovery requests. Any such

nonparty who produces information designated as Confidential Information pursuant to this paragraph agrees that such information may be disclosed to Qualified Recipients identified in Paragraph 2.

8. **Challenging Confidentiality Designations.** If any party objects to the designation of any Confidential Information, that party shall state the objection and reasons therefore in a letter to Counsel for the producing party. Counsel shall then confer in an effort to resolve the dispute without court intervention. If the producing party does not change the designation within seven (7) calendar days following the receipt of such written notice, then the party objecting to the designation may make motion (under seal) seeking an order that such Confidential Information shall be treated as no longer Confidential under this Order. Until the Court rules on any such motion and any and all proceedings or interlocutory appeals (assuming such a right exists) challenging such decision have been concluded, the Confidential Information shall continue to be deemed Confidential under the terms of this Order.

9. **Miscellaneous Provisions.** Producing or receiving Confidential Information, or otherwise complying with the terms of this Order, shall not (1) operate as an admission by any party as to the substance contained within that particular Confidential Information; (2) operate as a concession by any party as to the admissibility of any Confidential Information; (3) waive the right of any party to object to the admissibility of any Confidential Information; (4) prejudice in any way the rights of a party to object to the production of information or material that the party does not consider discoverable; (5) prejudice in any way the rights of a party to seek a determination by the Court that particular materials should be produced or offered in evidence; (6) prejudice in any way the rights of a party to apply to the Court for further protective orders;

or (7) prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

10. **Conclusion of the Case.** Within ninety (90) days after the conclusion of this case, including any appellate proceedings, each producing party shall provide written notice to each receiving party electing whether Confidential Information (including copies and documents containing information derived therefrom) shall be destroyed or returned to the producing party. Within twenty (20) days of written notice, each receiving party shall comply with the producing party's election. However, counsel for any party shall be entitled to retain all court papers; trial and deposition transcripts; expert reports and exhibits or attachments thereto; exhibits used in affidavits, declarations, depositions or at trial; and attorney work product (excluding litigation databases containing either the full text of Confidential Information or abstracts thereof). All materials retained by counsel shall be maintained and protected in accordance with this Order. Compliance with this paragraph shall be confirmed in writing by a person qualified to certify compliance on behalf of each party receiving Confidential Information, a copy of which shall be provided to counsel of record for the disclosing party within one hundred twenty (120) days after the notice referenced above.

11. **Survival of this Order.** The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings, in this case, whether by settlement or litigation.

    Alexandria, Virginia
    April \_\_\_, 2018

                                            _____
                                            T.S. Ellis, III
                                            United States District Judge

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| **JOHN DOE,** **Plaintiff,** vs. **JANE ROE,** *et al.*, **Defendants.** | Case No. 1:17-cv-00401-TSE/MSN |

## **DECLARATION**

I, _____, declare under penalty of perjury that:

(a)  My present residential address is _____.

(b)  My present employer is _____ and the address of my present employer is _____.

(c)  My present occupation or job description is _____ _____.

(d)  I have received and carefully read the Stipulated Protective Order entered by the Court on _____ in the above-captioned Action and I understand that I must abide by all its provisions.  Specifically, I understand that I am obligated, under the order of the Court, to hold in confidence and not to disclose the contents of anything marked as "CONFIDENTIAL – SUBJECT TO PROECTIVE ORDER," except as permitted by the Order.  I further understand

7

that I am not to disclose to anyone other than those Qualified Recipients permitted by Paragraphs 2 of the Stipulated Protective Order any words, substances, summaries, abstracts, or indices of any Confidential Information disclosed to me.  I agree and represent that I will use the Confidential Information solely for purposes relating to the above-captioned Action.

   (e) At the termination of this Action or at any time requested by counsel for the party by whom I am employed or retained, I will return to counsel or destroy and certify the destruction of all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential Information which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

   (f) I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the producing party. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Stipulated Protective Order in this Action.  I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: _____   Signature: _____